UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER CRESPO,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Criminal Case No. 14-cr-1903 DMS<br>Civil Case No. 16-cv-1513 DMS<br><br>**ORDER DENYING (1) PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND (2) RESPONDENT'S MOTION TO STAY** |

Pending before the Court is Petitioner Javier Crespo's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Petitioner moves to vacate his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). Respondent United States of America opposes, and it moves to stay proceedings pending a decision by the Supreme Court in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016) (order granting certiorari). For the reasons set out below, the Court denies the motion and denies as moot Respondent's motion to stay.

I.

BACKGROUND

On September 30, 2014, Petitioner pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and the parties agreed that Petitioner

was a career offender pursuant to U.S.S.G. § 4B1.1.

The probation department prepared a Presentence Report ("PSR") and determined that Petitioner was a career offender under § 4B1.1. According to the PSR, Petitioner's instant offenses qualified as crimes of violence under § 4B1.2(a) and prior drug trafficking offenses qualified as controlled substance offenses under § 4B1.2(b). This resulted in a total offense level of 29 and criminal history category VI. Accordingly, the PSR calculated a guideline range of 151 to 188 months. On December 18, 2014, the Court varied from the advisory guideline range and sentenced Petitioner to 100 months, followed by three years of supervised release.

On June 16, 2016, Petitioner filed the present motion, challenging his sentence in light of the recent Supreme Court decision in *Johnson*.[1] Petitioner argues *Johnson* renders the residual clause of § 4B1.2(a)(2) unconstitutional, and further argues *Johnson* applies retroactively on collateral review pursuant to *Welch*. Thus, Petitioner contends he is entitled to relief because bank robbery no longer qualifies as a crime of violence because it could only qualify as a crime of violence under the residual clause, which is now unconstitutional under *Johnson*.

## II.
## LEGAL STANDARD

A prisoner in custody may move the federal court that imposed a sentence upon him to vacate, set aside, or correct that sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

---

[1] Because the present motion is Petitioner's second or successive § 2255 motion, Petitioner filed the motion protectively with this Court and then sought authorization from the Ninth Circuit to file a second or successive § 2255 motion. On January 25, 2017, the Ninth Circuit issued an order, denying as unnecessary Petitioner's application for authorization to file a second or successive § 2255 motion. Subsequently, on January 31, 2017, the Court issued an order, requesting supplemental briefing from the parties in light of recent developments in the case law.

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28. U.S.C. § 2255(a).  If the court determines that relief is warranted under § 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. at § 2255(b).

## III.
## DISCUSSION

In *Johnson*, the Supreme Court found unconstitutionally vague the residual clause of the Armed Career Criminal Act ("ACCA").  *Johnson*, 135 S. Ct. at 2551.  The residual clause defined a "violent felony" as one that is "'punishable by imprisonment for a term exceeding one year' and 'is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.'"  *Id*. at 2555–56 (quoting 18 U.S.C. § 924(e)(2)(B)).  In finding the residual clause unconstitutional, the Court first reasoned the clause left "grave uncertainty about how to estimate the risk posed by a crime" because "[i]t ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements."  *Id*. at 2557.  The Court also reasoned the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony" because it forced courts to determine potential risk "in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives[, which] are 'far from clear in respect to the degree of risk each poses.'"  *Id*. at 2558 (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)).  Accordingly, the Court concluded "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."  *Id*. at 2563.

Petitioner argues bank robbery is no longer a "crime of violence" under § 4B1.2(a) in light of *Johnson*.  Prior to its amendment on August 1, 2016, § 4B1.2(a)

defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a). The italicized language is referred to as the "residual clause." *See United States v. Crews*, 621 F.3d 849, 852 (9th Cir. 2010).

In *Johnson*, however, the Supreme Court considered the constitutionality of the residual clause in the ACCA, not in § 4B1.2(a). *Johnson*, 135 S. Ct. at 2551. Moreover, the Court was clear in limiting the reach of its decision. *Id*. at 2554 ("Holding the residual clause void for vagueness does not put other criminal laws that use terms such as 'substantial risk' in doubt"). Indeed, in its recent decision in *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017), the Supreme Court expressly held "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at *9. Therefore, *Johnson* does not apply to the Career Offender Guidelines, and bank robbery remains a crime of violence under § 4B1.2(a). *See United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. 2016) (holding § 2113(a) "categorically" qualifies as a crime of violence under § 4B1.2(a)). As a result, Petitioner is not entitled to relief.

## III.
## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied, and Respondent's motion to stay

1 proceedings is denied as moot.[2]  The Court declines to issue a certificate of
2 appealability because Petitioner has not demonstrated that reasonable jurists could
3 find debatable this Court's denial of Petitioner's motion.  The Clerk is directed to
4 close the associated civil case.

**IT IS SO ORDERED.**

Dated:  March 9, 2017

*[signature]*

Hon. Dana M. Sabraw
United States District Judge

---

[2] The Court also denies as moot Petitioner's request in Notice Concerning *Beckles v. United States* that the Court defer ruling on his section 2255 motion for 30 days.